# Exhibit A
## Summons and Complaint and Death Certificate

Case 1:25-cv-00132-MAV    Document 1-2    Filed 02/11/25    Page 2 of 26

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

JENNIFER HAGER, as Administrator of the
Estate of WILLIAM HAGER, deceased

                              Plaintiff,

vs.

COUNTY OF ERIE
ERIE COUNTY SHERIFF JOHN GARCIA, individually and
in his official capacity,
ERIE COUNTY SHERIFF'S DEPUTIES JOHN DOES 1-5,
and ERIE COUNTY SHERIFF'S STAFF JANE DOES 1-5,

                              Defendants.

Index No.

**SUMMONS**

Plaintiff designates Erie
County as the place of trial

The basis of venue is the
Plaintiff's residence

TO THE ABOVE-NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and serve a copy of
your answer, or if the Complaint is not served with this Summons, to serve a notice of appearance,
on the Plaintiff's Attorneys within TWENTY (20) DAYS after the service of this Summons,
exclusive of the day of service (or within THIRTY (30) DAYS after the service is complete if this
Summons is not personally delivered to you within the State of New York); and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief demanded
in the Complaint.

DATED:        Buffalo, New York
              November 17, 2024                 **PENBERTHY LAW GROUP LLP**

                                                   *s/ Brittany L. Penberthy*
                                                Brittany L. Penberthy, Esq.
                                                   Attorneys for Plaintiff
                                                 Office and P.O. Address
                                                    227 Niagara Street
                                                 Buffalo, New York 14201

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

Index No.

JENNIFER HAGER, as Administrator of the
Estate of WILLIAM HAGER, deceased

**COMPLAINT**

          Plaintiff,

vs.

COUNTY OF ERIE
ERIE COUNTY SHERIFF JOHN GARCIA, individually and
in his official capacity,
ERIE COUNTY SHERIFF'S DEPUTIES JOHN DOES 1-5,
and ERIE COUNTY SHERIFF'S STAFF JANE DOES 1-5,

          Defendants.

Plaintiff, above named, by her attorneys, PENBERTHY LAW GROUP LLP, for her Complaint against Defendants COUNTY OF ERIE, ERIE COUNTY SHERIFF JOHN GARCIA, ERIE COUNTY SHERIFF'S DEPUTIES JOHN DOES 1-5, and ERIE COUNTY SHERIFF'S STAFF JANE DOES 1-5 alleges:

## FACTS COMMON TO ALL CLAIMS

1.    The plaintiff, JENNIFER HAGER, at all times hereinafter mentioned, were and still is a resident of the Town of West Seneca, County of Erie and State of New York.

2.    Plaintiff JENNIFER HAGER is the sister of decedent WILLIAM HAGER.

3.    On or about the 6th day of May, 2024, the plaintiff, JENNIFER HAGER, was appointed Administrator of the Estate of WILLIAM HAGER, pursuant to an Order of the Surrogate's Court of the County of Erie and the State of New York, and Letters of Administration of the Estate of WILLIAM HAGER were served on the plaintiff, JENNIFER HAGER, and the said plaintiff thereupon duly qualified and thereafter acted and is still acting as such Administrator.

4.   Defendant COUNTY OF ERIE is and was at all times relevant a municipal corporation, created, organized, and existing under the laws of the State of New York.

5.   Defendant ERIE COUNTY SHERIFF JOHN GARCIA (hereinafter referred to as "GARCIA") is and was at all times relevant, the elected Erie County Sheriff and chief executive officer of the County's detention facility, including Erie County Correctional Facility ("ECCF"), located at  11581 Walden Avenue, within the Village of Alden, County of Erie and the State of New York. Defendant GARCIA is sued in both his individual and official capacity.

6.   Defendant GARCIA was and still is a resident of the County of Erie and the State of New York.

7.   Upon information and belief, at all times hereinafter mentioned, Defendant GARCIA was acting within his authority as the Erie County Sheriff and acting under color of state law.

8.   At all times relevant herein, Defendant GARCIA was the chief policy maker of Erie County Sheriff's Office.

9.   Upon information and belief, at all times hereinafter mentioned, Defendant GARCIA is responsible for the supervision, administration, policy, practices, procedures, and customs of the Erie County Sheriff's Department, an administrative body of Defendant COUNTY OF ERIE, and is responsible for the hiring, training, discipline, and control of the ECCF staff.

10.  At all relevant times to this case, Defendant GARCIA was responsible for training and supervision of Erie County Sheriff's Deputies, Correction Officers, and/or Personnel, as well as for creating the policies, practices, and procedures at ECCF.

11.  Defendant GARCIA, as the Sheriff of Erie County, is responsible for the day-to-day operations of ECCF, including the promulgation, implementation and maintenance of ECCF.

12.  Upon information and belief, at all times hereinafter mentioned, Defendant COUNTY OF ERIE was the owner of certain premises commonly known Erie County Correctional Facility, located at 11581 Walden Avenue, within the Village of Alden, County of Erie and the State of New York.

13.  Upon information and belief, at all times hereinafter mentioned, Defendants COUNTY OF ERIE and GARCIA, individually and in his official capacity, by their agents, servants and/or employees, operated the correctional facility at the aforesaid premises.

14.  Upon information and belief, at all times hereinafter mentioned, Defendants COUNTY OF ERIE and GARCIA, individually and in his official capacity, by their agents, servants and/or employees, maintained the correctional facility at the aforesaid premises.

15.  Upon information and belief, at all times hereinafter mentioned, Defendants COUNTY OF ERIE and GARCIA, individually and in his official capacity, by their agents, servants and/or employees, managed the correctional facility at the aforesaid premises.

16.  Upon information and belief, at all times hereinafter mentioned, Defendants COUNTY OF ERIE and GARCIA, individually and in his official capacity, by their agents, servants and/or employees, controlled the correctional facility at the aforesaid premises.

17.  Upon information and belief, Defendant GARCIA, as the Sheriff of Erie County, is charged by the laws of the State of New York with maintaining ECCF, and is responsible for all conditions of confinement, health, safety and medical care and treatment of persons incarcerated herein.

18.  That as "policymakers", Defendants COUNTY OF ERIE and GARCIA were aware that those working at ECCF, Defendants ERIE COUNTY SHERIFF'S DEPUTIES JOHN DOES 1-5 and ERIE COUNTY SHERIFF'S STAFF JANE DOES 1-5, would encounter inmates with mental

4

health disorders and emergent medical conditions. They were also aware that those individuals were at a heightened risk of harm to themselves, and were aware that failure to make adequate provisions for same could result in the deaths of the inmates. They were further aware that the training and imposition of proper guidelines were essential to ameliorate this risk. They were also aware that the failure or inadequacy of said training would result in the deprivation of an inmate's constitutional rights.

19. Upon information and belief, at all times hereinafter mentioned, Defendants COUNTY OF ERIE and GARCIA hired certain staff for employment at the Erie County Correctional Facility, and whom became responsible for the custody, control, care, and treatment of decedent.

20. ERIE COUNTY SHERIFF'S DEPUTIES JOHN DOES 1-5, said being Erie County Sheriff Deputies and/or Correction Officers ("Officers"), whose identities are presently unknown, were employed by Defendant COUNTY OF ERIE at ECCF during Decedent HAGER's incarceration, and involved in Decedent HAGER's detention and supervision. They are alleged to have been acting, at all times relevant to this case, in their individual capacities and under the color of law within the meaning of 42 U.S.C. § 1983.

21. The Officers were persons engaged in the custody, care, safekeeping, and detention of Decedent HAGER.

22. ERIE COUNTY SHERIFF'S STAFF JANE DOES 1-5, said being Erie County Sheriff's Office medical staff and employees involved in Decedent HAGER's medical care, treatment, and supervision, whose identities are presently unknown, were employed by Defendant COUNTY OF ERIE at ECCF during Decedent HAGER's incarceration. They are alleged to have been acting, at all times relevant to this case, in their individual capacities and under the color of law within the meaning of 42 U.S.C. § 1983.

23. Hereafter, reference to "Defendants" shall be deemed to include all named Defendants, and each of them, unless otherwise indicated, and is not intended to circumvent specificity of a defendant's actions.

24. Defendants, as owners and operators of the correctional facility, have a legal duty to provide adequate medical care and supervision for those in their custody.

25. Due to the large number of deaths at Defendants' correctional facilities, the U.S. Department of Justice began oversight of the Erie County Sheriff's Office, but the same ended in or about June 2024, with Defendant GARCIA declaring "Technical compliance consultants have found that Erie County has achieved sustained compliance with the medical and mental health provisions of the order as well as the Protection from Harm and Environmental Health and Safety provisions."  See "Federal supervision of Erie County jail management ends", available at: https://www.wivb.com/news/local-news/erie-county/federal-supervision-of-erie-county-jail-management-ends/.

26. Sadly, immediately after oversight by the U.S. Department of Justice ended, at least 3 other inmates faced fatality while within Defendants' correctional facility.

27. Slightly more than six months prior to the death of Decedent Hager, Defendant GARCIA conceded "We're set up to fail. We don't have the means to give individuals that come through the doors adequate medical help ..." See "Why Do People Keep Dying in Erie County's Jails?", available at https://newrepublic.com/article/171009/erie-county sheriff-garcia-howard.

28. Plaintiff JENNIFER HAGER, as Administratrix of the estate of WILLIAM HAGER, has brought the instant lawsuit following the wrongful death of her brother, WILLIAM HAGER, on November 19, 2023, who while incarcerated within the Erie County Correctional Facility, was caused to die as a result of water intoxication.  See **Exhibit A**, Death Certificate.

6

29. In bringing forth the subject claim, Plaintiff JENNIFER HAGER alleges Decedent's death was a result, in part, of all Defendants' negligence and medical malpractice.

30. Suffering from well known and documented mental illness, Decedent HAGER had several unfortunate occasions to be within the custody of Defendants' correctional facility.

31. Decedent HAGER's mental health challenges were not unknown nor newly onset, including his diagnosis of schizophrenia.

32. Rather, upon his readmission to Defendants' correctional facility in 2023, Defendants classified Decedent HAGER as suffering from mental illness, but failed to provide him the proper medical treatment and supervision.

33. During his time in Defendants' correctional facility immediately prior to his death, Decedent HAGER's mental health began to worsen, which should have triggered greater supervision and care.

34. Defendants' medical providers and staff idly stood by and did nothing to help or intervene with the excessive consumption of water by Decedent HAGER, despite the knowledge of his mental health limitations and diagnoses.

35. Importantly, the over consumption of water is known have fatal effects, and a heightened likelihood of affecting those suffering from schizophrenia.

36. Nonetheless, Defendants' medical providers and staff continued to provide Decedent with unrestricted access to water knowing his mental health condition and worsening state.

37. Defendants' medical providers and staff failed to provide proper medical aid or intervention to Decedent's decline in mental health.

7

38. Through Defendant GARCIA's actions and constitutionally infirm supervision and supervisory policies, an individual who was experiencing an increasing mental health episode was denied proper treatment or supervision to prevent harm to oneself.

39. Defendants' failed to provide adequate and required medical care to Decedent HAGER, a person in their custody.

40. It is well known throughout the correctional, law enforcement, and medical communities that a person suffering from schizophrenic disorders have a heightened risk of potential delusions of excessive thirst, or tendencies towards compulsive and unnecessary water intake, which can result in death. See "Death from self-induced water intoxication among patients with schizophrenic disorders.", available at: https://pubmed.ncbi.nlm.nih.gov/3973577/; see also "Inmate's water-intoxication death: Family settles lawsuit against prison workers" available at: https://www.mlive.com/news/grand-rapids/2016/08/inmates_water-intoxication_dea.html.

41. Defendants' willful and deliberate indifference to Decedent HAGER's serious medical needs, and lack of adequate supervision, directly led to Decedent HAGER's untimely, easily preventable, and unjustifiable death.

42. Specific to Defendant GARCIA, individually and in his official capacity, he failed to: sufficiently monitor or treat, or supervise and/or train, those responsible for Decedent HAGER; adequately screen or supervise and/or train, those responsible for screening Decedent HAGER for medical conditions; failed to timely or adequately respond to requests for medical care or supervise and/or train, those responsible for Decedent HAGER; and denied or delayed for excessive periods the provision of necessary chronic and specialty care, including that involving one's mental health, or supervise and/or train, those responsible for Decedent HAGER.

8

43. Defendant GARCIA's failure to provide adequate medical care and supervision resulted in the death of Decedent HAGER.

44. Defendant GARCIA has been aware of the constitutionally and legally inadequate care, supervisions, and conditions in his jail even before being elected sheriff, thereby possessing actual and constructive notice of these ongoing and recurring violations prior to the death of Decedent HAGER.

45. Defendants ERIE COUNTY SHERIFF'S DEPUTIES JOHN DOES 1-5 and ERIE COUNTY SHERIFF'S STAFF JANE DOES 1-5 failed to: sufficiently monitor or treat Decedent HAGER; failed to adequately screen Decedent HAGER for medical conditions; failed to timely or adequately respond to requests for medical care or proper supervision of Decedent HAGER; failed to properly assess and manage the heightened mental health deterioration of Decedent HAGER; failed to limit excessive water consumption by Decedent HAGER; failed to elevate Decedent HAGER's level of medical care and treatment, including removal to an outside facility; failed to intervene in Decedent HAGER's self-harm; and denied or delayed for excessive periods the provision of necessary chronic and specialty care, including mental health treatment of Decedent HAGER.

46. Defendants failures to provide adequate medical care, treatment, and supervision resulted in the death of Decedent HAGER.

47. Upon information and belief, Defendants were aware of Decedent HAGER's reluctance to eat and increasing erratic behaviors in the days leading up to his death.

48. Upon information and belief, W. HAGER was found unresponsive in his cell at ECCF on or about November 18 or 19, 2023.

49. Following an autopsy, Decedent's death was confirmed to the be result of "water intoxication." See Exhibit A.

50. This is a civil action seeking damages for personal injuries due to negligence, medical malpractice and wrongful death under State Law and for damages pursuant to 42 U.S.C. 1983.

51. Decedent HAGER's death was in a few months following Defendants' receipt of the report of the New York State Commission of Correction Final Report In the Matter of the Death of Michael Frears, wherein the Commission determined the facility failed to conduct supervisory rounds that comport with the requirements of New York State Minimum Standard 9 NYCRR §7003.3. Available at: https://scoc.ny.gov/system/files/documents/2023/09/frears_michael_erie_hc.pdf.

52. Here too, Defendants failed to properly monitor Decedent HAGER so as to ensure he was not a threat to others, or more importantly here, himself.

53. In this instance, and upon information and belief, neither the Attorney General's Office nor the State Commission on Corrections has completed their investigation into the death of Decedent HAGER. Such final reports will provide a basis for additional claims herein, and the potential identification of further responsible parties.

54. Prior to his death, Defendants have been advised the State Commission on Corrections on at least four occasions between 2016-2024 to properly determine the competency of jail health care providers.

55. Defendants have knowingly and recklessly denied proper medical care to his inmates, causing numerous investigations and deaths.

56. Defendants were aware of the complaints against the inadequate medical care and supervision of their inmates, minimally by the reports of the New York State Commission of Corrections, who all tragically predeceased Decedent HAGER, including that of Michael Frears

(death March 13, 2021), James A. Ellis (death Nov. 30, 2021), Sean Riordan (death June 14, 2022), and William B. Henley (death Nov. 27, 2022).

57.   Failure by medical staff to properly assess, failure to notify and consult with a mental health professional or physician.

58.   Defendants' failures herein indicate inadequate supervision of medical staff and health services delivery.

59.   The condition precedent to suit concerning New York General Municipal Law §50-e's Notice of Claim requirements have been performed relative to Plaintiff JENNIFER HAGER as Administratrix of the estate of WILLIAM HAGER, who subsequently submitted to a General Municipal Law § 50- h examination on or about June 17, 2024.  To date, Defendants have failed, refused, or neglected to settle the instant claim, and at least thirty days have elapsed since service of said Notice of Claim.

60.   Such Notice of Claim set forth the name and post office address of Plaintiff, the name and post office address of her attorneys, the nature of the claims, the time when, the place where, and the manner in which the claim arose, together with the items of damages and injuries known to exist, and after receipt of said Notice of Claim, as aforesaid, Defendants have failed and neglected to adjust or pay said claim. Said Notice of Claims was served upon Defendants within ninety (90) days of the date upon which the claim arose.

### AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### (Medical Negligence Under New York Law)

61.   Plaintiff hereby repeats and re-alleges each factual allegation contained in preceding paragraphs, "1" through "57," with the same force and effect as if set forth fully herein.

Case 1:25-cv-00132-MAV    Document 1-2    Filed 02/11/25    Page 13 of 26

62.  Upon admission of Decedent HAGER to the ECCF, a jail that was maintained by Defendants COUNTY OF ERIE and GARCIA, the aforesaid Defendants had a statutory duty, minimally under New York Correction Law § 501, to provide a jail physician and/or medical care and treatment to Decedent while he was in the custody of the Defendants.

63. Employees, independent contractors, and/or other subordinates and/or those rendering medical care to Decedent HAGER, negligently failed to diagnose and/or properly treat Decedent's declining mental health condition.

64. Defendants and others in the employ or subordinates of the Defendants COUNTY OF ERIE and GARCIA, failed to refer Decedent HAGER to a hospital relative to and/or administer the appropriate treatment for this mental health decomposition.

65. Furthermore, Defendants, and/or others in the employ and acting in furtherance of the duties of the COUNTY OF ERIE and GARCIA, had actual and/or constructive knowledge of Decedent's deteriorating mental health, failed to render adequate medical treatment, failed to refer him to a hospital, failed to intervene to prevent self-harm, or otherwise failed to properly monitor his condition.

66. Defendants and/or others in the employ and acting in furtherance of the duties of Defendants jointly and/or severally failed to refer the Decedent to a hospital or mental health facility/physician.

67. Defendants knew, or should have known, that Decedent HAGER was experiencing a mental health crisis while confined within ECCF.

68. Additionally, the failures of Defendants, and others in the employ or subordinates of COUNTY OF ERIE and GARCIA, to refer Decedent HAGER to a higher level of care resulted in Decedent not receiving appropriate medical intervention and ultimately caused his death, as further

12

evidenced, in part, by violations of 9 NYCRR § 7010.1(b), which requires prompt screening to identify serious or life-threatening medical conditions.

69.  As a result of these failures constituting medical malpractice of Defendants, and/or others in the employ and acting in furtherance of the duties of COUNTY OF ERIE and GARCIA, Decedent was improperly and inadequately treated, and was otherwise left untreated.

70.  As a result of the joint and several failures of Defendants and others in the employ of and subordinates of COUNTY OF ERIE and GARCIA concerning the provision of medical care and treatment to Decedent, he was caused to die and sustain great pain and suffering and physical anguish prior to his passing.

71.  Plaintiff alleges Defendants engaged in a negligent practice in failing to provide and make available an appropriate jail physician and/or mental health professional, as it was statutorily obligated to, as either a matter of practice or in the instant case.

72.  Upon information and belief, Defendants, and/or others in the employ and acting in furtherance of the duties of COUNTY OF ERIE and GARCIA, failed to ensure the appropriate supervision of Decedent to prevent self-harm, which therein resulted in his death.

73.  Upon information and belief, the incident herein before described and the resultant injuries and death were caused as a result of the negligence, carelessness, recklessness and/or unlawful conduct on the part of the agents, servants, and/or employees of Defendants COUNTY OF ERIE and GARCIA, and more particularly, among other things, in their failing and omitting to properly and in a timely manner administer, provide and/or ensure for adequate medical/mental health treatment, including transport, assessments, monitoring, examinations and medications; in failing to detect an inmate experiencing a medical crisis; in failing to properly and in a timely manner respond to Decedent's medical/mental health issues, symptoms and need for treatment and/or

13

medication; in deliberately, purposefully, and knowingly denying detainees like Decedent access to necessary medical/mental treatment; in deploying unlawful force because of illness and/or need for medical aide; and in negligently furthering the deterioration of Decedent's medical condition by ignoring his symptoms, and allowing the excessive consumption of water.

74. Upon information and belief, the incident hereinbefore described and the resultant injuries and death caused as a result of the negligence, carelessness, recklessness and/or unlawful conduct on the part of the agents, servants, and/or employees of Defendants COUNTY OF ERIE and GARCIA was caused by those acts and omissions of the agents, servants and/or employees of DEFENDANT GARCIA, in his failure to properly and adequately train, supervise, instruct his employees, staff and/or officers with regard proper mental health and illness care; the proper and timely medical treatment of detainees; in failing to properly and adequately train, supervise, instruct their employees, staff and/or officers in recognizing the signs and symptoms of deteriorating mental health and/or potential increase in self-harm; in the failure to respond to Decedent HAGER's medical crisis in an expeditious manner; and in violating Decedent HAGER's state and federal constitutional and statutory rights as well as internal policies by failing to provide adequate medical care, and failing to take reasonable measures to guarantee the safety of Decedent HAGER.

75. Defendants COUNTY OF ERIE and GARCIA are vicariously liable for the negligence of its subordinates as set forth in the preceding paragraphs.

76. As a result of the foregoing, Plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

77. Wherefore, Plaintiff prays for judgment as herein set forth below.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
### (42 U.S.C. §1983 and Fourteenth Amendment –
### Deliberate Indifference to Serious Medical Need)

78. Plaintiff hereby repeats and re-alleges each factual allegation contained in preceding paragraphs, "1" through "74," with the same force and effect as if set forth fully herein.

79. Decedent HAGER, while under the care, custody and control of Defendants, was caused to suffer serious injuries, due to Defendants' failure ensure for and/or provide timely and proper medical/mental health treatment; in their failure to provide medications and proper treatment for declining mental health; the denial of treatment by Defendants amounts to deliberate indifference to a serious medical need, in violation of the Fourteenth Amendments' prohibition against cruel and unusual punishment and 42U.S.C. §1983; in their failure and refusal to make a reasonable accommodation by providing Decedent HAGER with access to proper treatment and medications when knowing of his mental health diagnoses, thereby discriminating against him on the basis of his mental health disabilities and unconstitutionally deprived him of his liberty and he was otherwise tortuously and maliciously harmed by the actions of Defendants, all in violation of Title 42 of the United States Code, Section 1983 et. seq. and the Americans with Disabilities Act. Said negligent and improper delay in medical treatment led to the untimely and wrongful death of Decedent Hager on November 19, 2023.

80. Being found to exhibit increasing erratic behaviors or mental health disorders but resulting in unresponsive or inadequate medical attention, constituted a serious medical need that was left unanswered.

81. Notwithstanding the medically serious condition of Decedent, Defendants, being aware of Decedent's deteriorating mental health and symptoms and actions consistent with mental health issues, recklessly and with deliberate indifference ignored Decedent's needs, failed to properly

15

monitor him despite being obligated to do the same, and recklessly took no action to summon or obtain appropriate medical assistance for Decedent HAGER.

82. Upon information and belief, Defendants preventing Decedent from the appropriate medical/mental health care despite experiencing a medical crisis went against the medical standard of care that was warranted.

83. Defendants knew of and disregarded or should have known of the excessive risk of harm to oneself in the excessive consumption of water, especially of those suffering from schizophrenia, nonetheless Decedent was not provided appropriate medical care or attention to prevent the same.

84. The failure to provide and/or denial of access to the appropriate standard of care caused Decedent HAGER physical and psychological suffering and injuries resulting in death.

85. The denial of treatment and failure by Defendants to appropriate medical care constitutes a deliberate indifference to a serious medical need, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

86. As a result of the foregoing, Plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

87. Wherefore, Plaintiff prays for judgment as herein set forth below.

**AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION
AGAINST ALL DEFENDANTS
(Pursuant to 42 U.S.C. Section 1983 - Monell Claim-Municipal Liability)**

88. Plaintiff hereby repeats and re-alleges each factual allegation contained in preceding paragraphs, "1" through "84," with the same force and effect as if set forth fully herein.

89. Defendants COUNTY OF ERIE and GARCIA, established, condoned, ratified, and/or encouraged customs, policies, patterns, and practices that directly and proximately caused the

deprivation of the civil and constitutional rights of Decedent HAGER, and the damages and injuries described herein. Defendants did so with deliberate indifference to the rights of the detainee. These written and unwritten policies, customs, patterns, and practices included: a) Failing to adequately staff their department with sufficient deputies, staff, and employees (including health care workers), for welfare checks, medical assessment, monitoring, and medical treatment. b) Failing to train, supervise and discipline deputies, staff, and employees at ECCF responsible for welfare checks, medical assessment, monitoring, and medical treatment. c) Failing to utilize qualitative benchmarks to assess the quality of medical care ECCF provides to its detainees. d) Failing to take steps to ensure that deputies, staff, and employees at ECCF do not allow inmates, especially those suffering from mental deficits, an unhealthy and/or excessive amount of water. e) Failing to have in place, or failing to follow, a policy or procedure to prevent officers from failing to recognize and limit excessive consumption of water, and/or improperly isolating detainees experiencing medical issues. f) Retaining deputies, staff, and employees, when they knew or should have known of their propensity to fail to render appropriate medical aid, attention, and/or supervision. g) Failing to properly screen, during the booking process, and supervise thereafter, prisoner, inmate, and/or detainee for serious medical/mental health needs. h) Failing and omitting to properly and in a timely manner administer, provide and/or ensure for adequate medical treatment, including transport, assessments, monitoring, examinations, and medications of those suffering from mental health ailments. i) Failing to properly and in a timely manner respond to medical complaints, symptoms, and requests for treatment and/or medication. j) Deliberately, purposefully, and knowingly denying detainees access to necessary medical treatment. k) Failing to properly and adequately train, supervise, instruct their employees, staff and/or officers about the proper and timely medical treatment of detainees suffering from mental health deficits; and in

recognizing the signs and symptoms to prevent water intoxication. and l) Failing to immediately seek hospital treatment for detainees in need of it.

90.  At all relevant times, Defendants acted unreasonably and with deliberate indifference and disregard for the constitutional and civil rights of the detainee Decedent HAGER.

91.  The actions (or inactions) of Defendants were malicious, willful, wanton, and reckless.

92.  The failures by Defendants to supervise, train, or discipline personnel was so obvious that the failure to do so amounted to a policy of "deliberate indifference."

93.  Such acts as alleged herein were the proximate cause of injury and damage to the inmate, detainee, and/or prisoner, including Decedent HAGER.

94.  As a result of the foregoing, Plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

95.  Wherefore, Plaintiff prays for judgment as herein set forth below.

### AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
**(Unlawful Discrimination Against Qualified Individuals with Disabilities - ADA)**

96.  Plaintiff hereby repeats and re-alleges each factual allegation contained in preceding paragraphs, "1" through "92," with the same force and effect as if set forth fully herein.

97.  Erie County Correctional Facility ("ECCF"), which is owned and/or operated by Defendants COUNTY OF ERIE and GARCIA, is a public facility subject to the Americans with Disabilities Act ("ADA").

98.  Mental health conditions are a "disability" under the ADA. See 42 U.S.C. §12102 and 12131(2); 28 C.F.R. §35.108.

99. The ADA applies to individuals, such as Decedent HAGER, who require or are receiving treatment for mental health conditions.

100. Defendants denied Decedent HAGER the benefit of medical programs through ECCF on the basis of his disability.

101. Defendants refused to and/or failed to make a reasonable accommodation to Decedent HAGER knowing of his prior diagnosis of schizophrenia, or mental health deficits.

102. Defendants could have provided special housing or referred him to an appropriate facility or mental health professional to best monitor and control Decedent HAGER's mental health disorders, thereby discriminating against him on the basis of disability, even though such accommodation would in no way alter the nature of the healthcare program.

103. Upon information and belief, Defendants do not deny medically necessary, physician-prescribed medications, programs, or accommodations to other detainees with serious, chronic medical conditions, such as migraines, sleep disorders, or diabetes.

104. As a result of the foregoing, Plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

105. Wherefore, Plaintiff prays for judgment as herein set forth below.

### AS AND FOR PLAINTIFF'S FIFTH CAUSE OF ACTION
### AGAINST DEFENDANTS COUNTY OF ERIE AND SHERIFF GARCIA
### (Negligent Hiring, Training, and Supervision Under New York Law)

106. Plaintiff hereby repeats and re-alleges each factual allegation contained in preceding paragraphs, "1" through "102," with the same force and effect as if set forth fully herein.

107. At all times mentioned herein, Defendants COUNTY OF ERIE and GARCIA were responsible for establishing the municipal policies relative to procuring medical care and treatment

of pretrial detainees in the custody of Defendants, and/or practices so widespread and consistent that, although not expressly authorized, constituted a custom or usage of which a supervising policy maker of the County and GARCIA must have been aware. The policymakers failed to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal and/or law enforcement employees.

108. Defendants COUNTY OF ERIE and GARCIA's deficiencies in hiring, training, and adequately supervising their employees was highly likely to inflict the particular injury suffered by the Plaintiffs.

109. As alleged herein and above, Defendants COUNTY OF ERIE and GARCIA failed to hire, supervise and train Officers and Personnel to adequately screen, monitor, and care for inmates at ECCF.

110. Due to Defendants COUNTY OF ERIE and GARCIA's failure to hire, supervise and train Officers and Personnel, this resulted the death of Decedent HAGER.

111. Defendants further maintained policies and practices insufficient to mitigate the serious risk to the safety and security of staff, inmates, and the public during serious mental health concerns. This is a known risk to Defendants COUNTY OF ERIE and GARCIA.

112. As alleged herein and above, Defendants COUNTY OF ERIE and GARCIA failed to hire, supervise and train Officers and Personnel to adequately address an inmates' medical needs, including the issues Decedent suffered.

113. Identifying and adequately addressing the medical needs of inmates requires specialized training, and upon information and belief, Defendants COUNTY OF ERIE and GARCIA failed to hire the appropriate personnel for this role.

114. Defendants COUNTY OF ERIE and GARCIA, knew and/or should have known that a failure to adequately train, supervise and monitor the conduct of Officers and Personnel would likely result in unreasonable danger to inmates.

115. As a result of the foregoing, Plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

116. Wherefore, Plaintiff prays for judgment as herein set forth below.

**AS AND FOR PLAINTIFF'S SIXTH CAUSE OF ACTION
AGAINST ALL DEFENDANTS
(Negligence Under New York Law)**

117. Plaintiff hereby repeats and re-alleges each factual allegation contained in preceding paragraphs, "1" through "113," with the same force and effect as if set forth fully herein

118. At all times material, Defendants knew that Decedent HAGER was in their custody and owed him a duty of reasonable care and supervision.

119. Defendants breached their duty to exercise reasonable care in safe-guarding Decedent, by failing to follow develop protocols and procedures designed to keep such detainees reasonably safe and healthy/mentally stable, and/or alternatively by failing to follow existing protocols and procedures designed to do the same.

120. As a result of the foregoing, Plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

121. Wherefore, Plaintiff prays for judgment as herein set forth below.

**AS AND FOR PLAINTIFF'S SEVENTH CAUSE OF ACTION
AGAINST ALL DEFENDANTS
(Wrongful Death Under New York Law)**

122. Plaintiff hereby repeat and re-allege each factual allegation contained in preceding paragraphs, "1" through "118," with the same force and effect as if set forth fully herein.

123. Decedent left surviving family members.

124. Decedent's family members were dependent upon Decedent for support and maintenance, which they are now deprived of as a result of the aforesaid incident.

125. As a result of the aforesaid incident, medical, funeral, and burial expenses have been incurred.

126. By reason of Decedent's death caused by the negligence and reckless disregard of the Defendants as aforesaid, his distributes and next of kin have sustained damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

127. Wherefore, Plaintiff prays for judgment as herein set forth below.

## RELIEF REQUESTED

Plaintiff, respectfully requests that this Court:

a. Exercise jurisdiction over Plaintiff's claims and grant her a jury trial;

b. Award Plaintiff for general damages in an amount to be ascertained according to proof, and interest on said sums from the date of Judgment;

c. Award Plaintiff for special damages in an amount to be ascertained according to proof, and interest on said sums from the date of Judgment;

d. Award Plaintiff for punitive damages against the individual named Defendants in an amount sufficient to punish them and deter others from similar conduct;

e. Award Plaintiff for reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

f. Award Plaintiff for any and all additional statutory damages allowed by law;

g. Award Plaintiff for costs of suit herein incurred; and

    h.  For such other and further relief as this Court deems just and proper.

DATED:      Buffalo, New York
                 November 17, 2024                  **PENBERTHY LAW GROUP LLP**

                                                      *s/ Brittany L. Penberthy*
                                       Brittany L. Penberthy, Esq.
                                          Attorneys for Plaintiff
                                    Office and P.O. Address
                                        227Niagara Street
                                   Buffalo, New York 14201
                                      (716) 803-8402

DOH-1961 (8/2011)

RECORDED DISTRICT 1455
REGISTER NUMBER 818

**NEW YORK STATE DEPARTMENT OF HEALTH**

# CERTIFICATE OF DEATH

131-2023-00092039

**STATE FILE NUMBER**

**1. NAME: FIRST / MIDDLE / LAST:** William H. Hager

**2. SEX:** Male

**3A. DATE OF DEATH:** MONTH 11 DAY 19 YEAR 2023

**3B. HOUR:** 08:23 PM

**4A. PLACE OF DEATH:** (Check one) — HOSPITAL INPATIENT ☒ (DOA ER); HOSPITAL OUTPATIENT; NURSING HOME; PRIVATE RESIDENCE; HOSPICE FACILITY; OTHER (Specify):

**4B. IF FACILITY, DATE ADMITTED:** MONTH 11 DAY 19 YEAR 2023

**4C. NAME OF FACILITY:** (If not facility, give address) Sisters Of Charity Hospital, St Joseph Campus

**4D. LOCALITY:** (Check one and specify) CITY ☐ VILLAGE ☐ TOWN ☒ Cheektowaga Town

**4E. COUNTY OF DEATH:** Erie

**4F. MEDICAL RECORD NO.**

**4G. WAS DECEDENT TRANSFERRED FROM ANOTHER INSTITUTION?** NO ☐ YES ☐ (If yes, specify institution name, city or town, county and state)

**5. DATE OF BIRTH:** MONTH 05 DAY ___ YEAR 1979

**6A. AGE IN YEARS:** 44

**6B. IF UNDER 1 YEAR ENTER:** months / days

**6C. IF UNDER 1 DAY ENTER:** hours / minutes

**7A. CITY AND STATE OF BIRTH:** (If not USA, Country and Region/Province) Buffalo, New York

**7B. IF AGE UNDER 1 YEAR, NAME OF HOSPITAL OF BIRTH:**

**8. SERVED IN U.S. ARMED FORCES?** (specify years) NO ☒ YES ☐

**9. DECEDENT OF HISPANIC ORIGIN?** Check the boxes that best describe whether the decedent is Spanish/Hispanic/Latino.
A ☒ No, not Spanish/Hispanic/Latino
B ☐ Yes, Mexican, Mexican American, Chicano
C ☐ Yes, Puerto Rican
D ☐ Yes, Cuban
E ☐ Yes, Other Spanish/Hispanic/Latino (Specify)

**10. DECEDENT'S RACE:** Check one or more races to indicate what the decedent considered himself or herself to be.
A ☒ White/Caucasian
B ☐ Black or African American
C ☐ Asian Indian
D ☐ Chinese
E ☐ Filipino
F ☐ Japanese
G ☐ Korean
H ☐ Vietnamese
J ☐ Native Hawaiian
K ☐ Guamanian or Chamorro
L ☐ Samoan
M ☐ American Indian or Alaska Native (specify)
P ☐ Other Asian (specify)
R ☐ Other Pacific Islander (specify)
S ☐ Other (specify)

**11. DECEDENT'S EDUCATION:** Check the box that best describes the highest degree or level of school completed at the time of death.
1 ☐ ≤ 8th grade
2 ☒ 9th-12th grade; no diploma
3 ☐ High school graduate or GED
4 ☐ Some college credit, but no degree
5 ☐ Associate's degree
6 ☐ Bachelor's degree
7 ☐ Master's degree
8 ☐ Doctorate/Professional degree

**12. SOCIAL SECURITY NUMBER:** 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

**13. MARITAL STATUS:**
1 ☒ NEVER MARRIED
2 ☐ MARRIED
3 ☐ WIDOWED
4 ☐ DIVORCED
5 ☐ SEPARATED

**14. SURVIVING SPOUSE:** Enter birth name of spouse if married or separated.

**15A. USUAL OCCUPATION:** (Do not enter retired) Disabled

**15B. KIND OF BUSINESS OR INDUSTRY:** N/A

**15C. NAME AND LOCALITY OF COMPANY OR FIRM:**

**16A. RESIDENCE:** (State or Country if not USA) NY

**16B. County or Region/Province** if not USA Erie

**16C. LOCALITY:** (Check one and specify) CITY ☐ VILLAGE ☐ TOWN ☒ West Seneca Town

**16F. IF CITY OR VILLAGE, IS RESIDENCE WITHIN CITY OR VILLAGE LIMITS?** ☐ YES ☐ NO (If NO, specify town)

**16D. STREET AND NUMBER OF RESIDENCE:** 136 Heather Hill Drive

**16E. ZIP CODE:** 14224

**17. BIRTH NAME OF FATHER / PARENT:** FIRST Paul MI W. LAST Hager

**18. BIRTH NAME OF MOTHER / PARENT:** FIRST Carol LAST Diamond

**19A. NAME OF INFORMANT:** Jennifer Hager

**19B. MAILING ADDRESS:** (include zip code) 136 Heather Hill Drive, West Seneca Town, NY 14224

**20A.** 1 ☐ BURIAL 2 ☐ CREMATION 3 ☐ REMOVAL 4 ☐ HOLD 5 ☐ DONATION 6 ☐ ENTOMBMENT — MONTH 11 DAY 27 YEAR 2023

**20B. PLACE OF BURIAL, CREMATION, REMOVAL OR OTHER DISPOSITION:** Mt. Calvary Cremation & Remembrance Center

**20C. LOCATION:** (City or town and state) Cheektowaga, New York

**21A. NAME AND ADDRESS OF FUNERAL HOME:** Hoy Funeral Home Inc 3855 Seneca Street, West Seneca Town, NY 14224

**21B. REGISTRATION NUMBER:** 00811

**22A. NAME OF FUNERAL DIRECTOR:** Mark J Janik

**22B. SIGNATURE OF FUNERAL DIRECTOR:** ▶ Mark J Janik Electronically Signed

**22C. REGISTRATION NUMBER:** 11727

**23A. SIGNATURE OF REGISTRAR:** ▶ Kimberly A Burst Electronically Signed

**23B. DATE FILED:** MONTH 11 DAY 21 YEAR 2023

**24A. BURIAL OR REMOVAL PERMIT ISSUED BY:** Carol Driscoll

**24B. DATE ISSUED:** MONTH 11 DAY 21 YEAR 2023

**ITEMS 25 THRU 33 COMPLETED BY CERTIFYING PHYSICIAN — OR — CORONER/CORONER'S PHYSICIAN OR MEDICAL EXAMINER**

**25A. CERTIFICATION:** To the best of my knowledge, death occurred at the time, date and place and due to the causes stated.
Certifier's Name: Katherine Maloney, ME
License No.: 250114
Signature: ▶ Katherine Maloney, ME Electronically Signed — MONTH 11 DAY 20 YEAR 2023

**25B. Certifier's Title:** 1 ☐ Attending Physician  0 ☐ Physician acting on behalf of Attending Physician  1 ☐ Coroner  2 ☒ Medical Examiner / Deputy Medical Examiner
Address: 501 Kensington Avenue, Buffalo, NY 14214

**25B.** If coroner is not a physician, enter Coroner/Coroner's Physician's name & title: — License No.: — Signature: — Address:

**25C.** If certifier is not attending physician, enter Attending Physician's name & title: — License No.: — Address:

**26A. Attending physician attended decedent:** FROM Month / Day / Year

**26B. Deceased last seen alive by attending physician:** Month / Day / Year

**26C. Pronounced Dead ON:** Month 11 Day 19 Year 2023 AT 08:23 PM

**27. MANNER OF DEATH:**
1 ☐ NATURAL CAUSE
2 ☒ ACCIDENT
3 ☐ HOMICIDE
4 ☐ SUICIDE
5 ☐ UNDETERMINED CIRCUMSTANCES
6 ☐ PENDING INVESTIGATION

**28. WAS CASE REFERRED TO CORONER OR MEDICAL EXAMINER?** NO ☐ YES ☒

**29A. AUTOPSY?** NO ☐ YES ☒ REFUSED ☐

**29B. IF YES, WERE FINDINGS USED TO DETERMINE CAUSE OF DEATH?** NO ☐ YES ☒

CONFIDENTIAL   SEE INSTRUCTION SHEET FOR COMPLETING CAUSE OF DEATH   CONFIDENTIAL

**30. DEATH WAS CAUSED BY:** (ENTER ONLY ONE CAUSE PER LINE FOR (A), (B), AND (C).)

**PART I IMMEDIATE CAUSE:**
(A) Water intoxication
DUE TO OR AS A CONSEQUENCE OF:
(B) <<<>>>
DUE TO OR AS A CONSEQUENCE OF:
(C) <<<>>>

**APPROXIMATE INTERVAL BETWEEN ONSET AND DEATH**
<<<>>>
<<<>>>

**PART II OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RELATED TO CAUSE GIVEN IN PART I (A):** <<<>>>

**DID TOBACCO USE CONTRIBUTE TO DEATH?**
0 ☐ NO  1 ☐ YES  2 ☐ PROBABLY  3 ☒ UNKNOWN

**31A. IF INJURY, DATE:** MONTH 11 DAY 99 YEAR 2023  HOUR Unknown

**31B. INJURY LOCALITY:** (City or town and county and state) Alden Town, Erie, NY

**31C. DESCRIBE HOW INJURY OCCURRED:** Excessive water intake

**31D. PLACE OF INJURY:** Prison

**31E. INJURY AT WORK?** NO ☒ YES ☐

**31F. IF TRANSPORTATION INJURY, SPECIFY:** 1 ☐ Driver/Operator  2 ☐ Passenger  3 ☐ Pedestrian

**32. WAS DECEDENT HOSPITALIZED IN LAST 2 MONTHS?** NO ☐ YES ☐

**33A. IF FEMALE:** 1 ☐ Not pregnant within past year  2 ☐ Pregnant at time of death  3 ☐ Not pregnant, but pregnant within 42 days of death

**33B. DATE OF DELIVERY:** MONTH / DAY / YEAR

Amended on Feb-28-2024 - Pronouncement - Manner of Death was blank; Injury-A Work was blank; Place of Injury - Place of Injury Description (Type of place, e.g., factory, friend's home) was blank; Injury-Address City was blank; Injury-Address County was blank; Injury-Describe How Injury Occurred was blank

Amended on Feb-28-2024 - Cause of Death-Line A Description was Pending Investigation: Injury-Date/Time of Injury was blank; Injury-Address State was blank; Injury-Address City was blank; Injury-Address

059916 059916

### Safety Features Used In This Form

1. Watermark on back is visible when document is held up to a light source.

2. Press number on document.

3. "VOID" appears on photocopies made on either a black and white or color photocopier.

VITALS 059916

I HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF A CERTIFICATE ON FILE IN THE OFFICE OF THE LOCAL REGISTRAR OF VITAL STATISTICS.

MAR 0 5 2024    *Kimberly A. Burst*
DATED

TRUE CERTIFIED COPY ONLY
ACCEPTABLE IF SIGNED AND SEALED
BY TOWN CLERK OF CHEEKTOWAGA

KIMBERLY A. BURST, TOWN CLERK
Registrar of Vital Records
District No. 1455, Town of
Cheektowaga Erie County New York