UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JENNIFER HAGER, as Administrator of the Estate of WILLIAM HAGER, deceased,

                Plaintiff,

v.

COUNTY OF ERIE, *et al.*,

                Defendants.

**AMENDED CASE MANAGEMENT ORDER**

1:25-cv-0132-MAV-JJM

---

With good cause shown, plaintiff's motion [16] to extend deadlines in the Case Management Order [9] is granted. The Case Management Order [9] is amended as follows:

1. All fact discovery shall be completed by no later than **April 22, 2026**. If discovery disputes arise, the parties shall briefly outline the dispute by letter (not to exceed four single-spaced pages) and file the letter electronically using the Case Management/Electronic Case Files (CM/ECF) system (providing a copy by mail or e-mail to any unrepresented parties). Upon review of the letter, I will either schedule a conference with the parties to attempt to resolve the issue informally, or, if the issues in dispute are beyond what can productively be addressed in an informal discovery conference, I will set a deadline for an appropriate motion. If a discovery conference is scheduled and the dispute is not resolved informally, the parties will be given the opportunity to file a formal motion. Since the informal discovery dispute resolution process is not expedited motion practice, parties do not waive arguments by failing to raise them in their informal submissions. However, utilizing this informal discovery process does not act to automatically toll proceedings, including Case Management Order deadlines, discovery deadlines, or scheduled depositions or inspections. For any disputes that require prompt attention, the parties should proceed by motion.

2. Each party intending to offer the testimony of an expert in connection with any issue as to which it bears the burden of proof (including claims, counterclaims, cross-claims or affirmative defenses) shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than **May 22, 2026**. Each party intending to offer other expert testimony (*i.e.,* testimony in response to expert testimony previously designated by an opposing party, or in support of an issue as to which the offering party does not bear the burden of proof), shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than **June 22, 2026.**

3. All expert depositions shall be completed by no later than **July 22, 2026.**

4. Pretrial dispositive motions, including motions pursuant to <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), shall be filed by no later than **August 21, 2026**. Such motions shall be made returnable before Judge Vacca. The parties are directed to provide a courtesy copy of all motion papers to the Court.

5. If no pretrial dispositive motions are filed, the parties shall contact Judge Vacca's chambers by **August 28, 2026** to schedule a trial date.

**No extension of the above deadlines will be granted except upon a motion, filed prior to the deadline, showing good cause for the extension. Absent truly exceptional circumstances, any motion for an extension shall be made at least one week prior to the deadline sought to be extended. The parties are reminded that "a finding of 'good cause' depends on the diligence of the moving party". <u>Parker v. Columbia Pictures Industries</u>, 204 F.3d 326, 340 (2d Cir. 2000). The parties' consent to the extension does not by itself constitute good cause.**

**SO ORDERED**.

Dated:  February 23, 2026

                                                                 /s/   Jeremiah J. McCarthy  
                                                              JEREMIAH J. MCCARTHY  
                                                              United States Magistrate Judge